MAX BAUMANN, HAROLD L. SANGER, AND MAUD SANGER, EXECUTORS, ESTATE OF ELIAS A. SANGER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6981. Promulgated September 19, 1927.

*Louis W. Osterweis, Esq.*, for the petitioners.
*Arthur H. Fast, Esq.*, for the respondent.

This proceeding involves an aggregate deficiency of $2,576.78 income tax for the years 1920 and 1922. Only that portion of the deficiency which relates to the year 1922, $1,816.34, is in controversy, and this results from the respondent's disallowance of certain bad debts as deductions.

FINDINGS OF FACT.

Elias A. Sanger died on July 11, 1924, and letters testamentary were duly issued to these petitioners on July 30, 1924, by the Surrogate's Court of the County of New York.

Elias A. Sanger loaned to his brother, Lou Sanger, on the following dates the amounts set opposite thereto:

| | |
|---|---:|
| February 1, 1916 | $1,000 |
| August 15, 1917 | 1,000 |
| December 12, 1917 | 500 |
| May 24, 1920 | 1,000 |
| June 22, 1920 | 1,500 |
| Total | 5,000 |

These loans, aggregating $5,000, were made to assist Lou Sanger in the operation of a business conducted by him in the City of New York. They were evidenced by notes representing respectively the amount of each of the loans. Lou Sanger entered the amounts of these loans in his cash book on the dates they were made.

The business of Lou Sanger proved to be unprofitable, and on December 16, 1921, the decedent gave him $2,500 to enable him to clean up all his obligations to his creditors and wind up his business. In January, 1922, after paying all creditors, Lou Sanger closed his business and had no remaining assets of any nature. After closing the business he started working at $50 a week, and never since has he been in a financial condition to repay any part of the loans. He has never repaid any part of these loans nor has he made any effort to do so.

Elias A. Sanger had no interest whatever, financial or otherwise, in the business conducted by his brother.

11340°—28——10

Elias A. Sanger had personal knowledge of his brother's financial condition, and acting under the advice of his accountant he deducted the amount of $7,500 from his income-tax return for the calendar year 1922.

OPINION.

STERNHAGEN : The foregoing findings of fact are, except as to the item of $2,500, substantially as submitted by the petitioners' counsel, and are in accordance with the evidence. It is clearly established that petitioners' decedent loaned to his brother as a business loan all but this $2,500, and that the financial condition of Lou Sanger was such as to prevent an ascertainment of the worthlessness of these loans until 1922. They were then clearly worthless and charged off, and are properly deductible in the taxable year.

As to the last item of $2,500, the situation, however, is different. This amount was given under circumstances which make it incredible that it was considered as a loan. The business had proven to be unprofitable, Lou Sanger had no money, and the decedent expressly gave the $2,500 to enable his brother to " clean up all his obligations to his creditors and wind up his business." We think that this amount was a gift, and therefore not deductible.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LANSDON and ARUNDELL.